

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

ENTERED
07/09/2020

| | | |
|---|---|---|
| IN RE: | § | |
| **OMAR WEAVER ROSALES; aka** | § | **CASE NO: 19-10492** |
| **WEAVER** | § | |
| Debtor | § | |
| | § | **CHAPTER 7** |
| _____ | § | |
| **HERRING & PANZER, LLP,** *et al* | § | |
| Plaintiffs | § | |
| | § | |
| VS. | § | **ADVERSARY NO. 20-1003** |
| | § | |
| **OMAR WEAVER ROSALES** | § | |
| Defendant | § | |

## MEMORANDUM OPINION

Herring & Panzer, LLP, James Harrington, Phil's Ice House, Inc., La Tierra De Simmons Familia, Ltd., Chris D. Clark, Roni Clark, and Chiwawa, Inc. filed a complaint alleging that the United States District Court for the Western District of Texas's sanction award of $241,534.29 against Omar Weaver Rosales is not dischargeable pursuant to 11 U.S.C. § 523(a)(6). Rosales disputes Plaintiffs allegation and filed a motion to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court holds that Plaintiffs have stated a claim for nondischargeability under § 523(a)(6), and Rosales's "Motion to Dismiss Adversarial Proceeding Based on Failure to State a Claim, Statute of Limitations" is denied.

### A. Background

Omar Weaver Rosales (*"Rosales"*) is an attorney licensed to practice in the State of Texas since 2006.[1] Rosales' practice includes representing plaintiffs in lawsuits involving alleged violations of Title III of the Americans with Disabilities Act (*"ADA"*), 42 U.S.C. § 12010

---

[1] ECF No. 1 at 2.

et seq., and its attendant regulations. Between May 2015 and March 2016, Rosales filed at least 385 lawsuits against various businesses in Austin, Texas, under the ADA in the Austin Division of the Western District of Texas on behalf of one individual Jon R. Deutsch.[2]

On April 4, 2017, the United States District Court for the Western District of Texas issued an Order in six of Rosales's cases on behalf of Deutsch imposing sanctions against Rosales for bad faith conduct in those lawsuits (the "*Western District Order*").[3]   The Western District Order awarded $32,962.50 in sanctions to Rosales's opposing counsel James Harrington, and $142,711.28 to Harrington's counsel Herring & Panzer, L.L.P. (together with an interest rate of 1.0% per annum, for an approximate total sum of $181,011.38 [$175,673.78 plus approximately $5,337.60 interest] as of the filing date of Plaintiffs' adversary complaint in this case).[4]

The Western District Order affirmed a December 7, 2016 Order from United States Magistrate Judge Mark Lane, who found that Rosales had used the federal judiciary "system to create strife and perpetuate lies," and that Rosales had "defamed opposing counsel with false and abusive statements, attempted to derail the administration of justice with frivolous motions, and submitted fabricated evidence to subvert proceedings in this court."[5]   Rosales unsuccessfully appealed the Western District Order, and on March 27, 2018, the United States Court of Appeals for the Fifth Circuit affirmed the Western District's award of sanctions.[6]

On May 4, 2018, the United States Court of Appeals for the Fifth Circuit issued an Order imposing further sanctions against Rosales (the "*Fifth Circuit Order*").   The Fifth Circuit Order awarded $60,522.91 in sanctions to Plaintiffs Chris Clark, Roni Clark, La Tierra De Simmons

---

[2] *Id.* at 2–3.
[3] *Id.*
[4] *Id.*
[5] *Id.* at 3–4.
[6] *Id.* at 4.

Familia, Ltd., Phil's Icehouse Inc, and Chiwawa, Inc. and held that Rosales's appeal was "plagued with references to unrelated areas of law, mischaracterizations of the record and the law, and missing citations."[7]   On October 1, 2018, the United States Supreme Court denied Rosales's petition for writ of certiorari seeking to overturn the Fifth Circuit's rulings.[8]   Both the Western District Judgments and the Fifth Circuit Order are final and valid.[9]   According to Plaintiffs, the total amount of sanctions imposed on Rosales by the Western District Order and Fifth Circuit Order is $241,534.29 ("*Sanctions Debts*").[10]

On December 26, 2019, Rosales filed his Chapter 7 petition.[11]   Rosales listed the Sanctions Debts in his schedules.[12]   On April 17, 2020, Herring & Panzer, LLP, James Harrington, Phil's Ice House, Inc., La Tierra De Simmons Familia, Ltd., Chris D. Clark, Roni Clark, and Chiwawa, Inc. ("*Plaintiffs*") filed their complaint objecting to dischargeability of debt pursuant to 11 U.S.C. § 523(a)(6) ("*Complaint*").[13]   Plaintiffs contend that the Sanctions Debts remain wholly unpaid.[14]   On May 15, 2020, Rosales filed the instant "Motion to Dismiss Adversarial Proceeding Based on Failure to State a Claim, Statute of Limitations" ("*Motion to Dismiss*").[15]   On July 8, 2020, this Court held a hearing on Rosales's Motion to Dismiss and now issues the instant Memorandum Opinion.

---

[7] *Id.* at 4.
[8] *Id*.
[9] *Id*.
[10] *Id*.
[11] Any reference to "Code" or "Bankruptcy Code" is a reference to the United States Bankruptcy Code, 11 U.S.C., or any section (i.e. §) thereof refers to the corresponding section in 11 U.S.C. "Bankr. ECF" refers docket entries made in the Debtors' bankruptcy case, No. 19-10492.
[12] Bankr. ECF No. 1 (Rosales lists the following in his schedules: Herring & Panzaer, LLP ($142,711.00), James Harrington ($32,962.50), and Phil's Icehouse ($60,522.91)).
[13] ECF No. 1.
[14] *Id.*; Bankr. ECF No. 1.
[15] ECF No. 9.

# I.     JURISDICTION & VENUE

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334, which provides "the district courts shall have original and exclusive jurisdiction of all cases under title 11 or arising in or related to cases under title 11."  An adversary proceeding falls within the Court's "related to" jurisdiction if the "outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy."[16]  Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter.[17]  This Court determines that pursuant to 28 U.S.C. § 157(b)(2)(I), this is a core matter as it "concern[s] the administration of the estate."[18]

Finally, the Court may only hear a case in which venue is proper.  Venue is governed by 28 U.S.C. § 1408, 1409.  Rosales resides in Harlingen Texas therefore venue is proper within this jurisdiction.

# III.     ANALYSIS

## A. Rosales's Motion to Dismiss

Rosales raises three separate grounds for dismissal of the Complaint, to wit: (1) failure to state a claim; (2) expiry of the statute of limitations; and (3) the attorney immunity doctrine.

## 1. Standard of Review for Motions to Dismiss under Rule 12(b)(6)

When it is apparent from the face of the complaint that an affirmative defense applies to bar a claim, dismissal for failure to state a claim upon which relief may be granted is

---

[16] *In re Trevino*, 535 B.R. 110, 125 (Bankr. S.D. Tex. 2015) (quoting *Wood v. Wood* (*In re Wood*), 825 F.2d 90, 93 (5th Cir. 1987).
[17] 28 U.S.C. § 157(a); *see also* In re Order of Reference to Bankruptcy Judges, Gen. Order 2012-6 (S.D. Tex. May 24, 2012).
[18] § 157(b)(2); s*ee also In Re Southmark Corp.*, 163 F.3d 925, 930 (5th Cir. 1999) ("[A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.").

appropriate.[19]   Additionally, this Court reviews motions under Rule 12(b)(6) by "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs."[20] Although this Court "will not strain to find inferences favorable to the plaintiff"[21] the facts need only be sufficient "for an inference to be drawn that the elements of the claim exist."[22]   To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must meet Rule 8(a)(2)'s pleading requirements.  Rule 8(a)(2) requires a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief."[23]   In *Ashcroft v. Iqbal*, the Supreme Court held that Rule 8(a)(2) requires that "the well-pleaded facts" must "permit the court to infer more than the mere possibility of misconduct."[24]   Only a complaint that states a plausible claim for relief survives a motion to dismiss.[25]   A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.[26]  The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully.[27]   With these standards in mind, the Court will address the single cause of action plead in the Complaint.

## 2.  Plaintiffs' § 523(a)(6) Claim

---

[19] *Kansa Reinsurance Company, Ltd. v. Congressional Mortgage Corporation of Texas,* 20 F.3d 1362, 1366 (5th Cir.1994); *Zavala v. United Parcel Service,* 2000 WL 20987, at *1 (N.D. Tex. Jan. 12, 2000).

[20] *Stokes v. Gann*, 498 F. 3d 483, 484 (5th Cir. 2007) (per curiam).

[21] *Southland Sec. Corp. v. INSpire Ins. Solutions Inc.,* 365 F. 3d 353, 361 (5th Cir. 2004) (internal quotations omitted).

[22] *See Harris v. Fidelity Nat'l Info. Serv* (*In re Harris*), 2008 Bankr. LEXIS 1072 at *11 (Bankr. S.D. Tex. Apr. 4, 2008) (citing to *Walker v. S. Cent. Bell Tel. Co.*, 904 F.2d 275 (5th Cir. 1990).

[23] Fed. R. Civ. P. 8(a).

[24] 556 U.S. 662, 679 (2009) (quoting Rule 8(a)(2)).

[25] *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

[26] *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

[27] *Id.*   (quoting *Twombly*, 550 U.S. at 556) ("[A] complaint does not need detailed factual allegations, but must provide the plaintiff's grounds for entitlement to relief – including factual allegations that when assumed to be true raise a right to relief above the speculative level."); *Lormand v. U.S. Unwired, Inc*., 565 F 3d 228, 232 (5th Cir. 2009).

The Complaint asserts that the Sanctions Debts arise from Rosales's "willful and malicious" acts and are therefore nondischargeable under 11 U.S.C. § 523(a)(6).[28]  Section 523(a)(6) states:

> (a) A discharge under section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt –
>
> > (6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

An injury is willful and malicious under § 523(a)(6) where the debtor had "either an objective substantial certainty of harm or a subjective motive to cause harm."[29]  The Fifth Circuit has held that presenting frivolous claims and engaging in deliberate and needlessly prolonged litigation is sufficient injury for purposes of § 523(a)(6).[30]  Here, the Complaint identifies the $241,534.29 in Sanctions Debts as the injury the Plaintiffs have suffered.[31]  The Complaint also outlines Rosales's alleged conduct in the Western District Order and Fifth Circuit Order. Plaintiffs cite to the following in the Western District Order:

i.    "Rosales engaged in serious and habitual misconduct—from making false and offensive statements about Harrington in multiple court filings to knowingly submitting fabricated evidence."[32]

ii.   "Rosales' twenty-nine false statements, repeated 113 times are not mistakes—they are habitual, bad faith misconduct that demean not only their intended recipient, but Rosales and the federal court in which he filed them as well."[33]

iii.  "[I]t is now essentially undisputed that Rosales (1) made false and offensive statements about opposing counsel in myriad court filings which he either knew or should have known to be false; (2) submitted fabricated evidence to this court; and (3) lied about doing so in multiple court filings and at the show cause hearing."[34]

---

[28] *Id.*
[29] *In re Williams*, 337 F.3d 504, 509 (5th Cir. 2003); *See also Texas v. Walker*, 142 F.3d 813, 823 (5th Cir.1998).
[30] *In re Kahn*, 533 B.R. 576, 589 (Bankr. W.D. Tex. 2015); *See In re Keaty*, 397 F.3d 264 (5th Cir. 2005).
[31] ECF No. 1.
[32] ECF No. 1-3 at 31.
[33] *Id.* at 34.
[34] *Id.* at 35.

6 / 11

iv.    "The undersigned finds that the evidence presented at the hearing proves that Rosales filed a groundless report with the Austin Police Department alleging that Harrington was stalking him and applied for an ex parte protective order based on this report in bad faith. As a result of this application, Harrington was forced to retain counsel and seek emergency relief from the County Court to dissolve the protective order."[35]

v.    "[Rosales] has repeatedly misled the court regarding the basis for and intent of multiple motions and other filings; he used the federal judiciary's public filing service to conduct a systematic character assassination of one Austin's most dedicated defenders of the rights of the marginalized; and he actively misled the court by falsifying a document which he submitted as evidence to influence a judicial ruling. He has abused both the letter and the spirit of one of our nation's landmark antidiscrimination statutes, debasing its purpose and trivializing the needs and rights of those it was enacted to protect."[36]

vi.    "From his baseless and offensive attacks on opposing counsel, memorialized in over a hundred court filings, to his fabrication of an e-mail submitted as evidence to the court, Rosales has behaved in embarrassing and shocking ways throughout this litigation."[37]

vii.    "Rosales' abuse of the litigation process has imposed substantial burdens on Defendants, including attorneys' fees—incurred both by Harrington in his own right in having to deal with spurious motions and protracted discovery disputes on Defendants' behalf, as well as the attorneys' fees incurred by Harrington's counsel, which he was forced to obtain when Rosales filed baseless sanctions motions against him—as well as costs."[38]

Plaintiffs cite to the following in the Fifth Circuit Order:

i.    "Although it might have been possible for Rosales to raise genuine legal arguments, he has not done so."[39]

ii.    "Instead, his appeal was plagued with references to unrelated areas of law, mischaracterizations of the record and the law, and missing citations."[40]

---

[35] *Id.*
[36] *Id.* at 37–38.
[37] *Id.* at 39.
[38] *Id.* at 42.
[39] ECF No. 1-5 at 3–4.
[40] *Id.* at 4.

iii.   "[T]here was no serious doubt that the requirements for the district court's sanctions were met. It is not simply the fact of the appeal, but the manner in which Rosales conducted it, that merits sanctions."[41]

Viewing Rosales's aforementioned conduct and the Sanctions Debts imposed by the Western District of Texas and the Fifth Circuit in a light most favorable to the Plaintiffs, it is reasonable that Rosales's actions were willful and malicious under § 523(a)(6).  Similar to the way in which courts found debtors' debts non dischargeable under § 523(a)(6) where a debtor presented frivolous claims and engaged in deliberate and needlessly prolonged litigation, Rosales's intent behind the "serious and habitual misconduct" and "abuse of the litigation process" may, if proven, constitute willful and malicious conduct.  Additionally, while Rosales characterizes the suit as a "lawsuit to recover attorney's fees," the Complaint clearly shows that Plaintiffs' seek sanctions for litigation misconduct, as evidenced by the citations to the Western District of Texas and the Fifth Circuit orders.[42]

If Plaintiffs' Complaint is accepted as true and viewed in the light most favorable to the Plaintiffs, Plaintiffs have pleaded all elements for a willful and malicious injury claim and therefore state a claim for nondischargeability under Section 523(a)(6) which warrants Plaintiffs to proceed to discovery.  Accordingly, Rosales's grounds for dismissal of the Complaint based on a failure to state a claim is denied.  The Court now turns its attention to Rosales's two affirmative defenses.

### 3.  Statute of Limitations

Rosales asserts that if Plaintiffs had an actual injury, their claim is now time-barred by the statute of limitations because Plaintiffs never identified nor pled their injuries since the

---

[41] *Id.*
[42] ECF Nos. 1, 9.

original award of attorney's fees was granted in December 2016.[43]   Texas has a two-year statute

of limitations for personal injury.[44]   The Texas Civil Practice & Remedies Code provides that "a

person must bring suit for . . . personal injury. . . not later than two years after the date the cause

of action accrues."[45]   Rosales asserts that if the injury accrued in December 2016, Plaintiffs

needed to have filed a lawsuit and identified the injury by December 2018.[46]   However, Plaintiffs

did not plead or identify an injury by December 2018.[47]   Instead, Rosales argues, Plaintiffs

merely filed a debt collection lawsuit and a **"**Notice of Filing to Register and Enforce Foreign

Judgment" on November 1, 2018.[48]   Since Plaintiffs never pled or identified an injury prior to

filing this adversarial proceeding, the argument goes, Plaintiffs' claim is now time-barred by the

applicable statute of limitations.[49]

Here, Rosales's focus on Texas's two-year statute of limitations for personal injury is

misguided.  Plaintiffs' Complaint does not assert a claim for a personal injury, rather, it asserts

that debts arising from sanctions are nondischargeable under § 523(a)(6).[50]  As seen by the court

in *In re Kahn*, debts arising from a sanctions award may be non-dischargeable under §

523(a)(6).[51]   Rule 4007 sets the timeline for filing a complaint in the determination of

dischargeability of a debt.[52]   Pursuant to Rule 4007, "a complaint other than under § 523(c) may

be filed at any time."[53]   As such, Plaintiffs' Complaint under § 523(a)(6) concerning Rosales's

---

[43] ECF No. 9 at 10.
[44] *Id.*
[45] *See* TCPRC 16.003(a).
[46] ECF No. 9.
[47] *Id.*
[48] *Id.* at 10–11.
[49] *Id.* at 11.
[50] ECF No. 1.
[51] *In re Kahn*, 533 B.R. at 590.
[52] Fed. R. Bankr. P. 4007.
[53] *Id.*

Chapter 7 case was timely filed.  Accordingly, Rosales's grounds for dismissal of the Complaint based on a statute of limitations defense is denied.

### 4.  Attorney Immunity Doctrine

Texas common law is well settled that an attorney does not owe a professional duty of care to third parties who are damaged by the attorney's negligent representation of a client.[54] Texas courts have developed an affirmative defense, the attorney immunity doctrine, that generally shields attorneys from civil liability to non-clients "for actions taken in connection with representing a client in litigation."[55]  Conversely, attorneys are not protected from liability to non-clients for their actions when they do not qualify as "the kind of conduct in which an attorney engages when discharging his duties to his client."[56]  The courts of appeals have identified examples of attorney conduct that, even if it occurred during a lawsuit, would be actionable because it does not involve the provision of legal services and would thus fall outside the scope of client representation.[57]  In his Motion to Dismiss, Rosales contends that Plaintiffs are trying to recover attorney's fees from a case where Rosales was working as an attorney.  As such, the argument goes, Rosales is immune from suit and Plaintiffs claim to recover those attorney's fees is barred because Rosales was acting as an attorney and representing his client.[58]

Here, Rosales fails to establish that the attorney immunity doctrine is applicable in this

---

[54] *Barcelo v. Elliott,* 923 S.W.2d 575, 577 (Tex. 1996); *see also McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests,* 991 S.W.2d 787, 792 (Tex. 1999) (explaining that a lack of privity precludes attorneys' liability to non-clients for legal malpractice).

[55] *Ironshore Europe DAC v. Schiff Hardin, L.L.P.*, 912 F.3d 759, 765 (5th Cir. 2019); *see also Troice v. Proskauer Rose, L.L.P.*, 816 F.3d 341, 346 (5th Cir. 2016) (The attorney immunity doctrine "stem[s] from the broad declaration ... that 'attorneys are authorized to practice their profession, to advise their clients and interpose any defense or supposed defense, without making themselves liable for damages.'").

[56] *Dixon Fin. Servs.,* 2008 WL 746548, at *9; *see also Chapman Children's Trust v. Porter & Hedges, L.L.P.,* 32 S.W.3d 429, 442 (Tex.App.–Houston [14th Dist.] 2000, pet. denied) (noting that "it is the kind of conduct that is controlling, and not whether that conduct is meritorious or sanctionable").

[57] *See, e.g., Bradt v. West,* 892 S.W.2d 56, 72 (Tex.App.–Houston [1st Dist.] 1994, writ denied) (noting that a claim against an attorney for assaulting opposing counsel during trial would be actionable, as such conduct "is not part of the discharge of an attorney's duties in representing a party").

[58] ECF No. 9 at 12–13.

case.  Plaintiffs' Complaint does not seek recovery of attorney's fees—that was already fully litigated.  Rather, it seeks a determination of dischargeability of Sanctions Debts.[59]  The Court is not persuaded by Rosales's argument that Rosales was acting as an attorney when he engaged in misconduct that resulted in these sanctions.  A number of courts have found that the attorney immunity doctrine does not shield attorneys from the imposition of sanctions.[60]  This Court finds that the attorney immunity doctrine is inapplicable in evaluating Plaintiffs attempt to prove the dischargeability of Sanctions Debts.   Accordingly, Rosales's grounds for dismissal of the Complaint based on the attorney immunity doctrine is denied.

## II.     CONCLUSION

An order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

SIGNED 07/09/2020.

Eduardo V. Rodriguez
United States Bankruptcy Judge

---

[59] *See* ECF No. 1.
[60] *See, e.g., Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481–82 (Tex. 2015) (recognizing that notwithstanding the attorney-immunity doctrine, "other mechanisms are in place to discourage and remedy [attorneys' wrongful] conduct, such as sanctions, contempt, and attorney disciplinary proceedings"); *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 658 (Tex. 2020) ("We also note that nothing in our attorney-immunity jurisprudence affects an attorney's potential criminal liability if the conduct constitutes a criminal offense. And other remedies—such as sanctions, spoliation instructions, contempt, and disciplinary proceedings—may be available even if immunity shields an attorney's wrongful conduct.") (emphasis added); *Dorrell v. Proskauer Rose LLP*, 2017 WL 6764690, at *3 (N.D. Tex. 2017) ("Although attorney immunity limits third party recovery against attorneys acting within the scope of their representative capacity, it does not grant attorneys the right to violate ethical rules. [O]ther mechanisms are in place to discourage and remedy [wrongful] conduct, such as sanctions, contempt, and attorney disciplinary proceedings.") (internal citations and quotations omitted).

11 / 11